IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

IN RE:

ALICIA L. CATHEY     NO. 15-11733 JDW

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Comes now NCEP, LLC (hereinafter "NCEP"), by and through its counsel of record, Byrd & Wiser, and files this its Motion for Relief from Automatic Stay, pursuant to Section 362 of the Bankruptcy Code, and in support of same would show unto the Court the following, to-wit:

I

The Debtor filed her Chapter 13 Petition on or about May 14, 2015.

II

This Court has jurisdiction pursuant to 28 USC Section 1334. The instant matter is a core proceeding pursuant to 28 USC Section 157(b)(2).

III

That NCEP is the holder of a secured claim as to certain personal property of the Debtor, namely one (1) 2008 Ford Mustang, VIN 1ZVHT84N185183743, all as more fully set forth on Exhibit "A" which is attached hereto and incorporated herein by reference.

IV

That NCEP is owed the principal sum of $14,565.07, exclusive of accumulating late charges and reasonable attorney's fees necessitated by the filing of the instant Motion.

V

NCEP would show unto the Court that the Debtor filed a Motion to Modify to abandon NCEP's collateral (DK#41), which Motion was granted pursuant to this Court's Order dated June 1, 2016 (DK#42).

BYRD & WISER
ATTORNEYS AT LAW
145 MAIN STREET
P.O. BOX 1939
BILOXI, MISSISSIPPI 39533
TELEPHONE (228) 432-8123
FAX (228) 432-7029

VI

NCEP would furthermore show unto the court that the Debtor has failed and refused to maintain insurance on the subject matter vehicle duly naming NCEP as lien holder and loss payee as required by the parties' Retail Instalment Sale Contract.

VII

Adequate cause exists for termination of the Automatic Stay pursuant to Section 362(d) of the Bankruptcy Code as to the Movant, NCEP.

WHEREFORE, premises considered, NCEP would pray that after notice and hearing this Court enter its Order terminating the Automatic Stay of Section 362 of the Bankruptcy Code as to the Movant, NCEP, so as to allow it to pursue its rightful remedies as to its subject matter collateral, and that this Court furthermore enter its Order abandoning the subject matter vehicles as property of the estate, and NCEP furthermore prays that it be awarded its reasonable attorney's fees necessitated by the filing of the instant motion and NCEP prays for such other and further relief as is just and proper in the premises.

Respectfully submitted,

NCEP, LLC, as successor in interest to
Santander Consumer USA Inc.

BY:  BYRD & WISER

BY: _____
ROBERT ALAN BYRD

BYRD & WISER
ATTORNEYS AT LAW
145 MAIN STREET
P.O. BOX 1939
BILOXI, MISSISSIPPI 39533
TELEPHONE (228) 432-8123
FAX (228) 432-7029

## CERTIFICATE

I, ROBERT ALAN BYRD, Attorney for NCEP, LLC, by AIS Data Services, LP, successor in interest to Santander Consumer USA Inc., do hereby certify that I have this date transmitted via Electronic Case Filing, as it appears on this date in the court registered e-filers of CM/ECF and/or via U.S. Mail, postage prepaid, a true and correct copy of the above and foregoing Motion for Relief from Automatic Stay to the following:

Robert Gambrell, Attorney for Debtor, at **rg@ms-bankruptcy.com**

Locke Barkley, Trustee, at sbeasley@barkley13.com

Office of the U.S. Trustee, at **USTPRegion05.JA.ECF@usdoj.gov**

WITH A COPY MAILED TO:

Alicia L. Cathey, Debtor
6330 Sandbourne East
Olive Branch, MS 38654

This the 21st day of March, 2017.

_____
ROBERT ALAN BYRD

BYRD & WISER
ATTORNEYS AT LAW
145 MAIN STREET
P.O. BOX 1939
BILOXI, MISSISSIPPI 39533
TELEPHONE (228) 432-8123
FAX (228) 432-7029

# CERTIFICATE OF TITLE

## STATE OF MISSISSIPPI

**ORIGINAL**

Form 79-001-05-7-1-000

| VEHICLE IDENTIFICATION NUMBER | MAKE | YEAR | MODEL | BODY | TITLE NUMBER |
|---|---|---|---|---|---|
| 1ZVHT84N185183743 | FORD | 2008 | MUS | CV | F079274-01 |

| TITLE DATE | DATE OF FIRST SALE FOR USE NEW ONLY | NO. CYL | NEW / USED | TYPE OF VEHICLE | PASS. OR GVW |
|---|---|---|---|---|---|
| 12292008 | | 06 | X | PASS | 000 |

**ODOMETER - TENTHS NOT INCLUDED**

013468

ACTUAL MILEAGE

**OWNER**

CATHEY ALICIA
6330 EAST SANDBOURN
OLIVE BRANCH    MS 38654

**1ST LIENHOLDER (OR OWNER IF NO LIEN)**

DRIVE FINANCIAL SERVICES
P O BOX 560583
DALLAS         TX 75356

DATE:
MONTH / DAY / YEAR
10/15/2008

**2ND LIENHOLDER**

DATE:
MONTH / DAY / YEAR

LIEN SATISFACTION: THE UNDERSIGNED HOLDER OF ABOVE DESCRIBED LIEN(S) ON THE MOTOR VEHICLE DESCRIBED HEREON HEREBY ACKNOWLEDGES SATISFACTION THEREOF.

1ST LIEN _____ (LIENHOLDER) BY _____ (SIGNATURE AND TITLE)
THIS _____ DAY OF _____ 20 ___

2ND LIEN _____ (LIENHOLDER) BY _____ (SIGNATURE AND TITLE)
THIS _____ DAY OF _____ 20 ___

IN WITNESS WHEREOF I HAVE HEREUNTO SET MY HAND THIS THE 29 DAY OF DECEMBER 20 08

CONTROL NUMBER

STATE TAX COMMISSION

The Mississippi State Tax Commission hereby certifies that on application duly made, the person named herein is registered by this office as the lawful owner of the vehicle described subject to the liens or security interests as may subsequently be filed with the State Tax Commission. This certificate of title is issued pursuant to the Mississippi Motor Vehicle Title Law Section 63-21-1, Mississippi Code of 1972, and subject to the provisions thereof.

**VOID IF ALTERED**

# RETAIL INSTALLMENT SALE CONTRACT
## SIMPLE FINANCE CHARGE

Dealer Number ____________ Contract Number ____________

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Creditor-Seller (Name and Address) |
|---|---|---|
| ALICIA CATHEY<br>6330 EAST SANDBOURN ST<br>OLIVE BRANCH MS 38654 | | CROSSROADS FORD INC<br>5298 SUMMER AVE<br>MEMPHIS TN 38122 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| USED | 2008 | FORD MUSTANG | 1ZVHT84N185183743 | ☐ personal, family or household<br>☐ business<br>☐ agricultural ☐ ______ |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 4000.00 is |
|---|---|---|---|---|
| 21.99 % | $ 16032.94 | $ 19853.30 | $ 35886.24 | $ 39886.24 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | 498.42 | Monthly beginning 11/14/2008 |

Or As Follows:

**Late Charge.** If payment is not received in full within 10 days after it is due, you will pay a late charge of $ 1.00 or 5 % of the part of the payment that is late, whichever is greater.
**Prepayment.** If you pay off all your debt early, you will not have to pay a penalty.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

Insurance. You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked below.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

Check the insurance you want and sign below:

**Optional Credit Insurance**

☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability (Buyer Only)
Premium:
Credit Life $ N/A
Credit Disability $ N/A
Insurance Company Name N/A
N/A
Home Office Address N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not to buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

**ITEMIZATION OF AMOUNT FINANCED**

| | | |
|---|---|---|
| 1 Cash Price (including $ 1170.14 sales tax) | | $ 22788.31 (1) |
| 2 Total Downpayment = Trade-In (Year) (Make) (Model) | | |
| Gross Trade-In Allowance | $ N/A | |
| Less Pay Off Made By Seller | $ N/A | |
| Equals Net Trade In | $ N/A | |
| + Cash | $ 4000.00 | |
| + Other N/A | $ N/A | |
| (If total downpayment is negative, enter "0" and see 4I below) | | $ 4000.00 (2) |
| 3 Unpaid Balance of Cash Price (1 minus 2) | | $ 18788.31 (3) |
| 4 Other Charges Including Amounts Paid to Others on Your Behalf (Seller may keep part of these amounts): | | |
| A Cost of Optional Credit Insurance Paid to Insurance Company or Companies. Life $ N/A Disability $ N/A | $ N/A | |
| B Vendor's Single Interest Insurance Paid to Insurance Company | $ N/A | |
| C Other Optional Insurance Paid to Insurance Company or Companies | $ N/A | |
| D Optional Gap Contract | $ N/A | |
| E Official Fees Paid to Government Agencies | $ N/A | |
| F Government Taxes Not Included in Cash Price | $ N/A | |
| G Government License and/or Registration Fees LIC | $ 600.00 | |
| H Government Certificate of Title Fees | $ 5.00 | |
| I Other Charges (Seller must identify who is paid and describe purpose). | | |
| to N/A for Prior Credit or Lease Balance | $ N/A | |
| to N/A for N/A | $ N/A | |
| to CROSSROADS FORD for DOC FEE | $ 459.99 | |
| to N/A for N/A | $ N/A | |
| to N/A for N/A | $ N/A | |
| to N/A for N/A | $ N/A | |
| Total Other Charges and Amounts Paid to Others on Your Behalf | | $ 1064.99 (4) |
| 5 Amount Financed (3 + 4) | | $ 19853.30 (5) |

**Other Optional Insurance**

☐ N/A Type of Insurance N/A Term
Premium $ N/A
Insurance Company Name N/A
Home Office Address N/A
N/A

☐ N/A Type of Insurance N/A Term
Premium $ N/A
Insurance Company Name N/A
Home Office Address N/A

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the insurance checked above.
X ______ 10/15/08
Buyer Signature Date
X ______
Co-Buyer Signature Date

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE. WITHOUT SUCH INSURANCE YOU MAY NOT OPERATE THIS VEHICLE ON PUBLIC HIGHWAYS.**

X ______
Buyer Signature
X ______
Co-Buyer Signature

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term N/A Mos. N/A Name of Gap Contract

I want to buy a gap contract.
Buyer Signs X ______

☐ **VENDOR'S SINGLE INTEREST INSURANCE** (VSI Insurance): If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. You may choose the insurance company through which the VSI insurance is obtained. If you elect to purchase VSI insurance through the Creditor, the cost of this insurance is $ N/A and is also shown in Item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.

**Returned Check Charge:** You agree to pay a charge of $ 30.00 if any check you give to us is dishonored.

**OPTION:** ☐ You pay no finance charge if the Amount Financed, Item 5, is paid in full on or before N/A , Year ______ . SELLER'S INITIALS ______

**NO COOLING OFF PERIOD**

**State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.**

***The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.***

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding. Buyer Signs X ______ Co-Buyer Signs X ______
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
See back for other important agreements.

**NOTICE TO RETAIL BUYER: Do not sign this contract in blank. You are entitled to a copy of the contract at the time you sign. Keep it to protect your legal rights.**

**You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You confirm that you received a completely filled-in copy when you signed it.**

Buyer Signs X ______ Date 10/15/08 Co-Buyer Signs X ______ Date ______

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X ______ Address ______
Seller signs ______ Date 10/15/08 By X ______ Title ______

Seller assigns its interest in this contract to DRIVE FINANCIAL SERVICES (Assignee) under the terms of Seller's agreement(s) with Assignee.
☐ Assigned with recourse ☐ Assigned without recourse ☐ Assigned with limited recourse
CROSSROADS FORD INC By ______ Title ______
Seller

LAW FORM NO. 553-TN U.S. PATENT NO. D460,762 ©2006 The Reynolds and Reynolds Company. THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

ORIGINAL LIENHOLDER

OTHER IMPORTANT AGREEMENTS

**1. FINANCE CHARGE AND PAYMENTS**

a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.

b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.

c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

**2. YOUR OTHER PROMISES TO US**

a. If the vehicle is damaged, destroyed, or missing. You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

c. **Security Interest.**
You give us a security interest in:
The vehicle and all parts or goods installed in it;
All money or goods received (proceeds) for the vehicle;
All insurance, maintenance, service or other contracts we finance for you; and
All proceeds from insurance, maintenance, service or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.
This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle.

d. **Insurance you must have on the vehicle.**
You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers only your interest, or buy insurance that covers both your interest and our interest. The charge will be the cost of the insurance and a finance charge at the Annual Percentage Rate shown on the front of this contract.
If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

e. **What happens to returned insurance, mainte-nance, service or other contract charges.** If we get a refund of insurance, maintenance, service or other contract charges, you agree that we may subtract the refund from what you owe.

**3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

a. You may owe late charges. You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments.
If you pay late, we may also take the steps described below.

b. You may have to pay all you owe at once. If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
You do not pay any payment on time;
You give false, incomplete, or misleading information on a credit application.
You start a proceeding in bankruptcy or one is started against you or your property; or
You break any agreements in this contract.
The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

c. You may have to pay collection costs. If we hire an attorney to collect what you owe, you will pay the attorney's fee and court costs as the law allows. You will also pay any collection costs we incur as the law allows.

d. We may take the vehicle from you. If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

e. How you can get the vehicle back if we take it. If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle. If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

g. **What we may do about optional insurance, mainte-nance, service or other contracts.** This contract may contain charges for optional insurance, maintenance, service or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

**4. WARRANTIES SELLER DISCLAIMS**

Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

**5.** Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información contenida en el formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

**6.** Applicable Law. Federal law and the law of the state of Tennessee apply to this contract.

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

The preceding NOTICE applies only if the "personal, family or household" box in the "Primary Use for Which Purchased" section of this contract is checked. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

Form No. 553-TN 5/06

EXHIBIT "B"
BILL OF SALE AND ASSIGNMENT

Santander Consumer USA Inc. ("Seller"), for value received and pursuant the terms and conditions of the Financial Assets Sale Agreement, Effective Date of 26 August 2013, with a Closing Date being the same, between Seller and NCEP, LLC (NCEP "Buyer"), its successors and assigns ("Financial Assets Sale Agreement"), hereby assigns effective as of the Closing Date:

(a) all rights, title and interest of Seller in and to those certain receivables, judgments or evidences of debt described in the Financial Assets Sale Agreement and Financial Asset Schedule (attached hereto as Exhibit "A") attached hereto and made part hereof for all purposes, and

(b) all principal, interest or other proceeds of any kind with respect to the Financial Assets described on the Financial Asset Schedule, but excluding any payments or other consideration received by Seller on or prior to the Cut-off Date.

Pursuant to the foregoing assignment, the Seller stipulate that Buyer may be substituted for Seller as the valid owner of the Accounts and hereby waives any notice or hearing requirements imposed by Bankruptcy Rule 3001 (e) (2) or otherwise.

SANTANDER CONSUMER USA INC.

By: _____

Name: _____Jason Grubb_____

Title: _____COO_____


STATE OF TEXAS        )
                      )
COUNTY OF DALLAS      )

Sworn before me this *twenty-sixth* (26th) day of *August*, the year of our Lord, two thousand & thirteen (2013).

_____
(Notary Stamp & Signature)

CHRISTIE HOWARD
Notary Public, State of Texas
My Commission Expires
September 20, 2017

My commission expires: 9/20/2017